IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 15-mc-00061-GPG
(Removal from Adams County, Colorado, District Court,
Case No. 2014M3765)

UNITED STATES DISTRICT
COURT, STATE OF COLORADO,
and MOHAMAD ABDALLAH,

    Plaintiffs,

v.

AZFAR JADOON ANWAR,

    Defendant.

---

## ORDER FOR SUMMARY REMAND

---

Defendant Azfar Jadoon Anwar has filed *pro se* a Notice of Removal in which he states that the grounds for removal are based on Federal question; but the Notice for the most part is convoluted and difficult to decipher. Defendant does not indicate in the Notice the number of the case he desires to remove to this Court. He does, however, indicate that he has attached copies of all "Process, Pleadings, and Orders served upon Pro Per Defendant," ECF No. 1 at 6, but no attachments are provided. The Court, therefore, construes this action as a criminal removal of Case No. 2014M3765 from the Adams County District Court.

The Court must construe the Notice of Removal liberally because Defendant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act

as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Case No. 2014M3765 will be remanded summarily to the state court.

Title 28 U.S.C. § 1455(a) provides that a defendant seeking to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal." Mr. Anwar fails to provide a short and plain statement of the grounds for removal of this action and he fails to demonstrate that any criminal prosecution currently is pending against him that may be removed. Even construing the notice of removal liberally and assuming the existence of an active criminal prosecution in the removed case, the Court is unable to ascertain any legitimate basis for removal of the case under the relevant statutes. Title 28 U.S.C. §§ 1442, 1442a, and 1443 all authorize the removal of certain criminal prosecutions, but Defendant makes no allegations relevant to § 1442, which applies to actions against federal officers or agencies, or to § 1442a, which applies to members of the armed forces. The Court also finds there is no basis for removal pursuant to § 1443, which authorizes removal of certain civil rights cases.

The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132

(10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219).  Mr. Anwar does not allege facts that demonstrate he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)).  The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966).  This requirement must be supported by specific factual allegations.  *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985).  Defendant does not provide the Court with specific factual allegations regarding any inability to enforce his constitutional rights in the state court proceedings.  Therefore, removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate.  Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  *City of Greenwood*, 384 U.S. at 824.  Defendant does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Therefore, because it clearly appears on the face of the Notice of Removal that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1455(b)(4).

This is Mr. Anwar's second notice of removal of State of Colorado Case No. 2014M3765. Both notices are convoluted and fail to properly state a basis for removal of Case No. 2014M3765 to this Court. Mr. Anwar's filings border on abuse of the federal judicial system. Mr. Anwar is warned that if he continues to file improper notices of removal that address Case No. 2014M3765 the Court will consider filing restrictions. Accordingly, it is

ORDERED that Case No. 2014M3765 is remanded summarily to the Adams County District Court, 1100 Judicial Center Driver, Brighton, CO 80601. It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this Order to the Clerk of the Adams County District Court. It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Criminal Case, ECF No. 3, is denied as moot.

DATED at Denver, Colorado, this   25th  day of    March           , 2015.

BY THE COURT:

   s/Lewis T. Babcock
   LEWIS T. BABCOCK, Senior Judge United
   States District Court